UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY M.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5381-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of his application for Social Security disability benefits. Plaintiff contends the administrative law judge ("ALJ") erred in assessing the medical evidence and in discounting his subjective allegations, specifically with respect to his need for a cane for standing as well as walking. (Dkt. # 32 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1967, has a high school diploma and some college education, and previously worked as a rural mail carrier, retail store manager, general hardware salesperson, and general merchandise sales representative. AR at 1997. Plaintiff was last gainfully employed in 2013. *Id.* at 693.

ORDER - 1

In January 2017, Plaintiff applied for benefits, alleging disability as of September 11, 2013.[1] AR at 586-89. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 501-03, 505-13. After the ALJ conducted a hearing in October 2017 (*id*. at 373-434), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 298-312.

The Appeals Council denied Plaintiff's request for review (AR at 277-83), and Plaintiff requested judicial review. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. *Id*. at 2118-27. On remand, the ALJ held another hearing (*id*. at 1988-2040) and subsequently issued another decision finding Plaintiff not disabled. *Id*. at 1961-78.

Utilizing the five-step disability evaluation process,[2] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the amended alleged onset date.

Step two: Plaintiff has the following severe impairments: post-traumatic stress disorder; bipolar disorder; cognitive disorder, not otherwise specified; secondary head trauma; chronic headaches; migraines; right lateral epicondylitis/right ulnar neuropathy; right hand arthralgia; possible seizure disorder by history; cervical, thoracic, and lumbar degenerative disc disease; diabetic neuropathy; and obesity.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[3]

Residual Functional Capacity ("RFC"): Plaintiff can perform light work with additional limitations: he can stand and walk four hours per workday, with the ability to change between sitting and standing every 30 minutes. He can occasionally climb ramps and stairs, and can never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He can frequently handle and finger bilaterally. He can be occasionally exposed to extreme noise, vibrations, and hazards such as heights and machinery. He can perform simple, routine tasks, in a work environment free of

---

[1] At the first administrative hearing, Plaintiff amended his alleged onset date to August 1, 2016. AR at 377. Plaintiff also filed a subsequent benefits application that was consolidated with this matter on remand. *See id*. at 2133-34.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

fast-paced production requirements with only occasional interaction with the public and co-workers. He requires a cane to ambulate.

Step four: Plaintiff cannot perform past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 1961-78.

Plaintiff appealed the Commissioner's final decision to this Court. (Dkt. # 1.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

**A. The ALJ Did Not Harmfully Err in Discounting Certain Medical Opinion Evidence**

Plaintiff contends that the ALJ erred in discounting the opinion of examining physician Robert Barchiesi, M.D., and the Court will consider the sufficiency of the ALJ's reasoning.

### 1. *Legal Standards*[4]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### 2. *Dr. Barchiesi's Opinion*

Dr. Barchiesi examined Plaintiff in July 2016 and completed a "Hand and Finger Conditions Disability Benefits Questionnaire" form for the U.S. Department of Veterans Affairs. AR at 872-89. Dr. Barchiesi recorded Plaintiff's reported limitations, his own clinical testing results, and his conclusions about the impact of Plaintiff's hand condition on his ability to work. *Id*. Dr. Barchiesi concluded at the end of the form questionnaire that Plaintiff "has trouble grasping hard or doing repetitive motions with his right hand due to flexion cramps secondary to adhesions of the extensor tendons of the 4th and 5th finger secondary to the original injury. He cannot typically lift or manipulate much weight." *Id.* at 889.

---

[4] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

The ALJ gave low weight to this opinion, finding Dr. Barchiesi's conclusions to be inconsistent with his clinical findings, "which were fairly unremarkable." AR at 1975. The ALJ also found Dr. Barchiesi's opinion to be inconsistent with Plaintiff's activities, such as caring for animals, gardening, picking up dirty clothes and toys, preparing meals, building a rock wall, and crafts (etching, beading, leather work, woodwork). *Id*. The ALJ noted that the State agency opinion was more consistent with the longitudinal record than Dr. Barchiesi's opinion. *Id*.

The ALJ did not err in finding Dr. Barchiesi's conclusions to be inconsistent with his clinical findings. Dr. Barchiesi indicated that his evaluation did not test repetitive use and that his testing did not either support or contradict Plaintiff's reported loss of functionality with repetitive use (AR at 879-80), and yet Dr. Barchiesi concluded that Plaintiff had trouble with repetitive motions with his right hand (*id*. at 889). Dr. Barchiesi also noted that although Plaintiff had some reduced range of motion and pain when using his right hand, neither of these issues caused any functional loss. *Id*. at 875-76. Dr. Barchiesi's summary of Plaintiff's complaints (*id*. at 874) is similar to the doctor's conclusions, as noted by the ALJ (*id*. at 1975), which undermines the objective foundation of the opinion. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Even if, as Plaintiff argues (dkt. # 32 at 7), the ALJ did not identify any activities that are inconsistent with Dr. Barchiesi's conclusions, any error in this line of reasoning is harmless in light of the ALJ's independent, valid reason to discount Dr. Barchiesi's conclusions. Plaintiff has not established error in the ALJ's discounting of Dr. Barchiesi's opinion as inconsistent with the clinical findings.

//

**B. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Allegations**

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) Plaintiff's treatment for his physical complaints was routine and conservative, (2) Plaintiff made inconsistent statements about the extent of his limitations, (3) Plaintiff's claim that he experiences 2-3 seizures per month is inconsistent with his reports to providers, (4) Plaintiff made inconsistent statements about his horse-related activities, (5) Plaintiff's headache-related allegations are inconsistent with his ability to maintain a full-time college course load, (6) Plaintiff exaggerated his symptoms during a consultative examination, and (7) Plaintiff's activities were "substantially greater" than he described.[5] AR at 1967-74. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's subjective testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ failed to provide any reason to discount his allegation of problems with performing physical activities on a prolonged basis. (Dkt. # 32 at 10-11.) This argument is not persuasive: the ALJ accurately summarized Plaintiff's allegations, which included an allegation of limitations in standing, walking, and sitting for extended periods, as well as limitations pertaining to postural activities and reaching/using hands. *See* AR at 1967. The ALJ went on to find Plaintiff's allegations inconsistent with the routine, conservative treatment he has received for his physical complaints, as well as the normal examination findings in the record. *Id*. at 1972. This reasoning applies to Plaintiff's physical allegations, including his

---

[5] Plaintiff argues that the ALJ's summary of the medical evidence does not constitute a reason to discount his allegations (dkt. # 32 at 10), and the Court agrees. The ALJ summarized the medical evidence to identify the evidence supporting the RFC assessment (AR at 1968-72), but then went on to indicate specific reasons why he discounted Plaintiff's allegations of further limitation (*id*. at 1972-74). Thus, this order addresses the reasons the ALJ provided for discounting Plaintiff's allegation of disabling limitations.

ORDER - 6

allegations of problems engaging in prolonged activity, and provides an adequate basis for discounting those allegations. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Next, Plaintiff argues that the ALJ erred in construing the evidence of symptom exaggeration because the "functional overlay" noted by consultative examiner Derek Leinenbach, M.D., does not necessarily imply exaggeration. (Dkt. # 32 at 11-12.) Dr. Leinenbach did not refer only to functional overlay, however; Dr. Leinenbach also referenced Plaintiff's demonstration of "[d]ramatic exaggerated pain behavior" (AR at 1474) and referenced exaggeration again during his discussion of Plaintiff's coordination/gait (*id*. at 1475). Dr. Leinenbach also opined that Plaintiff put forth "suboptimal effort" during range-of-motion testing. *Id*. These specific findings support the ALJ's reasoning that Dr. Leinenbach's opinion provided a basis for discounting Plaintiff's allegations due to symptom exaggeration and poor effort on testing. *Id*. at 1973. Even if Dr. Leinenbach's suspicion of functional overlay does not equate to evidence of exaggeration (dkt. # 32 at 11-12) that undermines Plaintiff's allegations, Dr. Leinenbach's specific findings of exaggeration and suboptimal effort suffice. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (ALJ properly relied on evidence showing failure to exert adequate effort during testing in discounting claimant's symptom testimony); *Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1225 (9th Cir. 2010) (holding that an ALJ properly discounted a claimant's allegations due to evidence of exaggeration); *Davis v. Berryhill*,

743 F. App'x. 846, 848 (9th Cir. Aug. 13, 2018) (affirming an ALJ's discounting a claimant's testimony based on instances of exaggeration and inconsistent statements).

Plaintiff also argues that although the ALJ found that he had made inconsistent statements regarding his ability to walk and lift (AR at 1972), he explained those discrepancies at the administrative hearing and the ALJ did not address that explanation in the decision. (Dkt. # 32 at 14.) Plaintiff goes on to argue that many of the daily activities cited by the ALJ do not contradict any of his allegations (*id.* at 15), and the Court finds this argument persuasive to some degree, but Plaintiff overlooks the ALJ's specific finding that Plaintiff's full-time college coursework is inconsistent with his allegation that he suffers from 2-3 migraine headaches per week that require him to lay down for 5-6 hours at a time, and that he experiences cluster headaches of even longer duration. *See* AR at 1972. This finding is reasonable and supported by substantial evidence and contradicts Plaintiff's argument that the ALJ failed to identify any specific allegation that is inconsistent with his college classes. (Dkt. # 32 at 16.)

Therefore, even if some of the ALJ's findings regarding activities or inconsistent statements fail to support discounting Plaintiff's allegations, the ALJ nonetheless provided other valid reasons to discount Plaintiff's allegations, as described *supra*. Accordingly, any errors are harmless, and the Court affirms this portion of the ALJ's decision. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

**C.    The ALJ Did Not Err in Assessing Plaintiff's Need for a Cane**

At the most recent administrative hearing, Plaintiff testified that he needed to use a cane for walking as well as for standing in place, and that he holds the cane in his non-dominant left hand. AR at 2020-22. The vocational expert ("VE") testified that the jobs identified at step five would be eliminated if Plaintiff needed to use a cane while standing, but not if he only needed

the cane while walking. *Id*. at 2033-34, 2037. The VE also testified that if Plaintiff needed to carry anything while walking and using a cane, he would be able to carry it in his right hand. *Id*. at 2033-34.

The ALJ's decision acknowledges that Plaintiff alleged a need for a cane (AR at 1967, 1969), but finds that the 2017 evidence does "not support [Plaintiff] requiring a cane for balance or ambulation up until then." *Id*. at 1969. The ALJ cited an April 2018 treatment note indicating that Plaintiff "needed a cane for mobility", although the ALJ also emphasized that the objective evidence did not indicate that Plaintiff's condition had worsened at that time. *Id*. at 1970 (citing *id*. at 2277, 2494). Nonetheless, the ALJ found that "an allowance for use of a cane" was warranted by the medical evidence and would, along with the other physical RFC restrictions, adequately account for Plaintiff's physical impairments. *Id*. at 1971.

Plaintiff argues that the April 2018 prescription for a cane "for mobility" refers to a broader set of activities than only ambulating and includes standing. (Dkt. # 32 at 9.) Plaintiff cites no authority supporting this argument, and the Court is not aware of any, and finds that it is not the only reasonable interpretation of the prescription. "Mobility" refers to the ability or capacity to move, which is consistent with the ALJ's interpretation of Plaintiff's need for a cane for "ambulation," a term defined in the regulations to refer to walking ability. *See Mobility*, MERRIAM-WEBSTER.COM DICTIONARY, available at https://www.merriam-webster.com/dictionary/mobility (last accessed Jun. 28, 2021); 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.00(B)(2)(b). For these reasons, the Court finds that Plaintiff has failed to show that the ALJ erred in determining the extent to which the objective evidence corroborated Plaintiff's need for a cane.

To the extent that Plaintiff's need for a cane is established by his own subjective allegations, the ALJ explicitly found that Plaintiff had exaggerated his need for a cane during Dr. Leinenbach's examination and that other objective evidence was also inconsistent with his alleged need for a cane. AR at 1969-70, 1973. As explained *supra*, the ALJ provided legally sufficient reasons to discount Plaintiff's subjective allegations, and those reasons apply to Plaintiff's cane allegations as well. Therefore, Plaintiff has not shown that the ALJ erred in assessing the subjective evidence related to his need for a cane.

Because Plaintiff has not established error in the ALJ's assessment of his need for a cane, Plaintiff has not shown that the ALJ's RFC assessment is erroneous in this respect.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 29th day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge